# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN, | CASE NO. 1:10-cv-00640-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF AND APPOINTMENT OF COUNSEL |
| v. | |
| G. A. FINELY et al., | (ECF No. 15, 16, 17, 18, 19) |
| Defendants. | |

Plaintiff Travon Leon Freeman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed April 12, 2010, against Defendants Finley, Jordan, Leal, Rodriguez, and Velasco-Alvarez for excessive force in violation of the Eighth Amendment. Plaintiff filed a motion for an attorney and requesting reimbursement from Defendants under state law on April 27, 2011, a motion for return of his legal property on May 4, 2011, and a motion for appoint of counsel and return of legal property on May 6, 2011. (ECF Nos. 15, 16, 17.) Defendants filed an opposition on May 25, 2011, and Plaintiff filed a reply on June 3, 2011. (ECF Nos. 18, 19.)

I.  Motion for Injunctive Relief

Plaintiff's motions all allege that after returning to Corcoran State Prison from out to court status his legal property was not returned to him. Plaintiff requests the return of his property and reimbursement of $1,569. for property that was destroyed in violation of the California Code of Regulations. Defendants object to Plaintiff's motion because they were not involved in the loss of Plaintiff's property, and the court cannot issue an injunction against individuals who are not parties

1

in the pending action. Plaintiff replies that although other officers packed his belongings, Defendant Velasco-Alvarez works in the same building and had reasonable opportunity to interfere with his property while he was out to court.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that prison guards used excessive force on him. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129

S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief which he is seeking. Steel Co., 523 U.S. at 102-103.

Additionally, since the relief requested by Plaintiff is not related to the underlying claims that Defendants used excessive force against him, it would not remedy the violation of the Federal right at issue here. The court cannot grant the requested relief and Plaintiff's motions for equitable relief and reimbursement for his property shall be denied.

II.     Motion for Appointment of Counsel

Plaintiff requests appointment of counsel and Defendants object because he has not set forth exceptional circumstances to require the necessity of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

III.    Order

In accordance with the above, Plaintiff's motions for injunctive relief and appointment of counsel, filed April 27, 2011; May 4, 2011; and May 6, 2011, are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:     June 27, 2011**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE